UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK    X

INTELEPIX LLC,

                            Plaintiff,                      11-CV-0025
                                                                      (SJF) (WDW)
       -against-

                                                                           **OPINION & ORDER**

JAMES PITTEL,

                            Defendant.
————————————————————X

FEUERSTEIN, J.

On or about December 14, 2010, plaintiff Intelepix LLC ("plaintiff") commenced an action in the Supreme Court of the State of New York, County of Nassau ("the state court") against defendant James Pittel ("defendant") seeking: (1) judgment declaring that under plaintiff's Operating Agreement, defendant is no longer the Managing Member of plaintiff and has no other position of authority or employment with plaintiff, and confirming that Adam J. Altman ("Altman") is the Managing Member of plaintiff; (2) injunctive relief (a) permanently enjoining defendant from acting as if he is still plaintiff's Managing Member or holds any other position of authority with plaintiff, (b) barring defendant from entering upon plaintiff's premises, interfering with plaintiff's business and removing from plaintiff's premises, or retaining, confidential proprietary documents or other materials belonging to plaintiff and (c) compelling defendant to turn over to Altman complete access to plaintiff's facility and to all information and material necessary to operate plaintiff's business; and (3) monetary damages, costs and disbursements. On the same date, plaintiff sought an order to show cause seeking preliminary

injunctive relief and the state court (Mahon, J.), *inter alia*, scheduled a show cause hearing for January 4, 2011 and issued an ex parte temporary restraining order ("TRO") restraining defendant: (1) from acting as though he is, or holding himself out as being, plaintiff's Managing Member or Chief Executive Officer, or as holding any other position of authority with plaintiff; and (2) from entering upon plaintiff's premises or communicating in any way with plaintiff's employees, pending the show cause hearing. The show cause hearing was subsequently adjourned until January 18, 2011.

On January 3, 2011, defendant filed a notice of removal pursuant to 28 U.S.C. § 1446(a), removing the state court action to this Court and alleging jurisdiction under 28 U.S.C. § 1331, which provides federal district courts with original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." Specifically, defendant contends that this action arises under federal law because it involves "a national security matter," insofar as plaintiff does "significant business as a contractor to the United States Government, subject to the National Industrial Security Operating Program (NISPROM)" and defendant was designated by the United States Department of Defense as plaintiff's Facility Security Officer ("FSO") "to assure the security and protection of [its] classified subject matter," which designation plaintiff seeks to "overturn" by inserting Altman as the FSO. (Notice of Removal [Rem.], ¶ 5).

For the reasons set forth below, this action is *sua sponte* remanded to the state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

II. DISCUSSION

The removal statute, 28 U.S.C. § 1441(a), provides, in relevant part, that a civil action

2

filed in state court may be removed by the defendant to federal district court if the district court has original subject matter jurisdiction over the plaintiff's claim. See also Lupo v. Human Affairs International, Inc., 28 F.3d 269, 271 (2d Cir. 1994). Federal district courts are "courts of limited jurisdiction," Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 125 S.Ct. 2611, 2616-2617, 162 L.Ed.2d 502 (2005), and only have original subject matter jurisdiction over cases in which there is a federal question, see 28 U.S.C. § 1331, and cases between citizens of different states, see 28 U.S.C. § 1332. "A district court must remand a case to state court 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" Vera v. Saks & Co., 335 F.3d 109, 113 (2d Cir. 2003) (quoting 28 U.S.C. § 1447(c)); see also D.B. Zwirn Special Opportunities Fund, L.P. v. Tama Broadcasting, Inc., 550 F.Supp.2d 481, 486 (S.D.N.Y. 2008) ("[A] federal court has an independent duty to determine that it has subject matter jurisdiction and may raise the issue *sua sponte*."); Citibank, N.A. v. Swiatkoski, 395 F.Supp.2d 5, 10 (E.D.N.Y. 2005) (holding that the Court has authority to remand an action *sua sponte* where it is "unmistakably clear" that it lacks subject matter jurisdiction); Morrison v. Seafarers International Union of North America, AFL-CIO, 954 F.Supp. 55, 56 (E.D.N.Y. 1996) ("Where a case has been improperly removed and the Court has no subject matter jurisdiction, the Court must remand the case *sua sponte* to the state court where it originated, pursuant to 28 U.S.C. § 1447(c).")

Removal jurisdiction must be "strictly construed," Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002), and any doubts resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of states." In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 488 F.3d

112, 124 (2d Cir. 2007). The burden of proving the Court's removal jurisdiction rests upon the party asserting jurisdiction. See California Public Employees' Retirement System v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004); United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). "In determining whether jurisdiction is proper, [courts] look only to the jurisdictional facts alleged in the Notice[] of Removal." In re MTBE Products Liability Litigation, 488 F.3d at 124.

A. Federal Question Jurisdiction

Defendant bases removal of this action solely on this Court's federal question jurisdiction, alleging, in essence, that this action implicates national security issues.

The "well-pleaded complaint" rule determines whether an action arises under the Constitution, laws, or treaties of the United States. See, Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 9-10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Pursuant to the "well-pleaded complaint" rule,

> Whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, * * * must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance or defenses which it is thought the defendant may interpose."

Id. at 10, 103 S.Ct. 2841 (citing Taylor v. Anderson, 234 U.S. 74, 75-76, 34 S.Ct. 724, 58 L.Ed.2d 1218 [1914]); see also City of Rome, N.Y. v. Verizon Communications Inc., 362 F.3d 168, 175 (2d Cir. 2004) (holding that in assessing whether there is federal question jurisdiction, the court must look to see if the well-pleaded complaint asserts a federal claim on its face and

that "[t]he mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach.") Even in cases in which state law creates the plaintiff's causes of action, the case "might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Franchise Tax Bd., 463 U.S. at 13, 103 S.Ct. 2841. In other words, federal courts have original federal question jurisdiction only where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 690, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006) (5-4 decision) (quoting Franchise Tax Bd., 463 U.S. at 27-28, 103 S.Ct. 2841); Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.E.2d 257 (2005).

Defendant cites to no federal statute or constitutional provision implicated in this action. Although a case governed by federal common law "presents a federal question within the subject matter jurisdiction of the federal courts, just as if the case were governed by a federal statute," Woodward Governor Co. v. Curtiss-Wright Flight Systems, Inc., 164 F.3d 123, 126 (2d Cir. 1999), the case "must implicate 'uniquely federal interests' for federal common law to apply." Id. at 127 (quoting Boyle v. United Technologies Corp., 487 U.S. 500, 504, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988)). "[S]uch interests arise only in a few areas, such as: (1) the obligations to, and rights of, the United States under its contracts; (2) the liability of federal officers for official acts; and (3) civil liabilities arising out of federal procurement contracts relating to national defense." Id. Moreover, "[e]ven when 'uniquely federal interests' are implicated, federal

common law applies only where there is a 'significant conflict between some federal policy or interest and the use of state law.'" Id. (quoting O'Melveny & Myers v. FDIC, 512 U.S. 79, 87, 114 S.Ct. 2048, 129 L.Ed.2d 67 (1994)). "A 'significant conflict' * * * occurs when the application of state law would run counter to a federal policy or interest." Id. A party "seeking to apply federal common law where the United States is not even a party faces a substantial burden in trying to demonstrate an actual, significant conflict between state law and a federal interest." Id.

No federal statute or constitutional violation is alleged in the complaint, nor is any substantial question of federal law implicated in this action. Moreover, this action does not involve an issue of "uniquely federal interest." See, e.g. Woodward, 164 F.3d at 127-8 (rejecting contention that any contract bearing any relation to national security is governed by federal common law). Rather, this action is simply a management dispute which can be resolved upon interpretation of plaintiff's Operating Agreement. The fact that plaintiff contracts with the United States Government to provide software and related services is of no consequence to a resolution of the issues presented in this case, nor is the disclosure of highly sensitive or secret government information directly affecting the national security relevant to a determination of the management issues presented in this action. Significantly, the United States is not itself a party to this action and has no immediate interest in the parties' management dispute. See, e.g. Woodward, 164 F.3d at 128 ("Because the * * * litigation is among private parties and no substantial rights or duties of the United States hinge on its outcome, application of federal common law is particularly inappropriate." (Internal quotations and citations omitted)). Like the procurement contract in Woodward, the Operating Agreement "is too far removed from issues of

uniquely federal concern to call for the application of federal common law." Woodward, 164 F.3d at 127. National security would not be imperiled by the relief sought by plaintiff in this action. Moreover, according to the pleadings and affidavits filed to date, Altman has the same security clearances as defendant.

As no federal statute or constitutional violation is alleged in the complaint, and there is no substantial question of federal law or "uniquely federal interest" implicated in the action, this Court does not have original subject matter jurisdiction over this matter. Accordingly, this action is *sua sponte* remanded to the state court for lack of subject matter jurisdiction.

III. CONCLUSION

This action is *sua sponte* remanded to the Supreme Court of the State of New York, County of Nassau. The Clerk of the Court is directed to close this case and, pursuant to 28 U.S.C. § 1447(c), to mail a certified copy of this order to the clerk of the Supreme Court of the State of New York, County of Nassau.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: January 10, 2011
 Central Islip, New York